### RANTALA v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. November 3, 1924.)

No. 4303.

**Intoxicating liquors ⬛➝236(6½) — Evidence held to sustain conviction for unlawful possession.**

Evidence *held* to sustain a conviction for unlawful possession of intoxicating liquor and maintaining a nuisance, where it tended to show that, though defendant had leased the premises to another, in whose name license to conduct the business was taken, he was actually participating in its management.

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Criminal prosecution by the United States against John Rantala. Judgment of conviction, and defendant brings error. Affirmed.

R. B. Norris, of St. Maries, Idaho, for plaintiff in error.

E. G. Davis, U. S. Atty., and William H. Langroise, Asst. U. S. Atty., both of Boise, Idaho.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The plaintiff in error was convicted under two counts of an information which charged him with the unlawful possession of intoxicating liquor and the maintenance of a nuisance. On the trial no exception was taken to any ruling of the court, and no request was made for an instructed verdict of acquittal.

It is contended that there was no legal evidence of the connection of the plaintiff in error with the pool hall and soft drink place in which the liquor was found, and reliance is placed upon the fact that the premises had been leased by the plaintiff in error to one Hoiska, as shown by a copy of the lease and receipts for rent paid by Hoiska, and licenses issued to the latter to maintain a soft drink parlor and pool tables. But there was evidence to go to the jury that the plaintiff in error was actively participating in the management of the place, that he was seen standing behind the counter, and when the officers entered with a search warrant he endeavored to destroy the evidence of the presence of intoxicating liquor. No exception was taken to the charge of the court, in which the jury were instructed that, if they found the unlawful business was being conducted on the premises of the plaintiff in error, they might consider his conduct such as they found from the evidence it was, when the officers came in, and from all the surrounding circumstances determine whether or not he, as well as Hoiska, was interested in operating the business. We think the charge was justified by the evidence.

Finding no error, the judgment is affirmed.